IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   18-cr-00359-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LAWRENCE MARTIN BIRK,

      Defendant.

_____

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE TIME FROM
THE SPEEDY TRIAL ACT, VACATE CURRENT TRIAL AND
MOTIONS DATES, AND SET TRIAL FOR MAY 20, 2019**
_____

Lawrence Martin Birk, by and through undersigned counsel, respectfully moves this Court for an Order excluding time from the Speedy Trial Act, vacating current trial and motions dates, and setting trial for May 20, 2019.  In support of this motion, Mr. Birk states that:

**I. PROCEDURAL BACKGROUND**

1.   On July 26, 2018, the government filed a one-count indictment against Mr. Birk alleging tax evasion.  The allegations span a period of time from 1998 through 2013.

2.   During an arraignment held on September 10, 2018, Mr. Birk entered a plea of not guilty.  The seventy-day speedy trial deadline is November 20, 2018.  A November 19, 2018 trial date has been set and motions are due September 28, 2018.

**II.     STANDARD FOR CONTINUANCES**

3.     18 U.S.C. § 3161(h)(8) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(8)(B)(ii) provides that a factor for the Court to consider in granting this delay is "[w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."  18 U.S.C. § 3161(h)(8)(B)(ii).

4.     In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See id.*  No single factor is determinative.  *See id.*

**III.    Argument**

5.     This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(8) and *West*.  Accordingly, Mr. Birk requests that this Court exclude time from the Speedy Trial Act, vacate current deadlines, and continue the trial to May 20, 2019.

### A. This case satisfies the requirements of 18 U.S.C. § 3161(h)(8).

6. The government has had years to investigate this case. It has collected bank and other financial records from Mr. Birk. Counsel understands the investigation to be ongoing and additional charges may be filed.

7. Counsel has received discovery which totals approximately 11,000 pages of documents and which include tax records, bank records from at least three banks (3,200 pages), business records, and interviews. That discovery will require analysis. It is not merely chronological narrative. Rather, the financial and tax records will need not just to be read, but also analyzed in the context of whether they support the charge of tax evasion.

8. These tax and financial documents will need careful review and analysis. Although counsel's office employs a paralegal with experience in such analysis and a CFE qualification, this is far from her only white-collar case. By contrast, the government's tax division of the DOJ has virtually unlimited resources and has had the luxury of poring over the records for years.

9. Independent of the paralegal reviewing these records, prior to trial in this matter (and really before any meaningful analysis of defenses to this case or possible offers may occur), counsel likely also will need to consult experts in taxes and accounting to review the case. That process is time-consuming.

10.     Because of the complex factual and legal issues involved, and considering the volume and nature of discovery that must be reviewed, the defense cannot be expected to prepare an adequate defense within the currently established time limits.

11.     Without a continuance, undersigned counsel will not be able to adequately research pretrial legal issues and file any necessary pretrial motions.  Moreover, given the potential investigation involved including the likely need to retain an expert, failure to grant a continuance of the trial date would force Mr. Birk to go to trial before an adequate defense can be prepared.

13.     Finally, counsel's obligations on other cases and especially the burgeoning Durango Protocol docket limit his ability to prepare this case in the narrow constraints of a seventy-day speedy trial time limit.

14.     As a result, failure to grant a continuance would result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(8)(B)(I), and deny counsel for Mr. Birk the reasonable time necessary for the effective preparation of this case taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(8)(B)(iv).

15.     In contrast to the harm caused by maintaining the current time limits, granting a continuance will not harm the interests of the public and the defendant in a speedy trial.  Mr. Birk requests a reasonable continuance to allow him to investigate the case and prepare a defense.

16.     Undersigned counsel has conferred with Assistant United States Attorney Christopher Magnani concerning this motion.  The government does not oppose the motion, but wants a firm trial date set.  Consequently, the ends of justice served by the

delay outweigh the best interests of the public and the defendant in a speedy trial, and the Court should grant the requested continuance.

### B. The *West* factors support a continuance of the trial date.

17. The *West* factors likewise support a continuance of the trial date. First, counsel for Mr. Birk has been diligent in pursuing Mr. Birk's defense. Counsel has received discovery and is uploading it to LaserFiche. He intends to meet with Mr. Birk as soon as practical.

18. Second, the continuance, if granted, will accomplish the purpose underlying the request for a continuance. Mr. Birk requests a continuance so that the defense will have sufficient time to investigate the case, research the legal issues surrounding the case, file any necessary pretrial motions, and properly defend against the allegations. Thus, by granting the continuance, this Court will satisfy the second *West* factor.

19. Third, the inconvenience to the opposing party, the witnesses and the Court will be minimal. As set forth above, the government does not oppose this motion. Moreover, because the trial date has only recently been set, last minute scheduling changes need not be made.

20. Mr. Birk is not in custody.

21. Finally, the need for the continuance is great. Until all of the discovery has been reviewed, the necessary investigation has been completed, and the legal issues have been researched, counsel cannot effectively prepare pretrial motions and defend against the pending charges. As set forth above, given the complex factual and legal

issues involved in the case, Mr. Birk needs additional time to defend against the pending charges.

WHEREFORE, Mr. Birk respectfully requests that this Court issue Orders vacating the current trial date and motions deadlines, excluding time from the Speedy Trial Act, and setting trial for May 20, 2019.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2018, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE TIME FROM THE SPEEDY TRIAL ACT, VACATE CURRENT TRIAL AND MOTIONS DATES, AND SET TRIAL FOR MAY 20, 2019**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Christopher Michael Magnani, Assistant United States Attorney
E-mail:  christopher.magnani@usdoj.gov

Lori A. Hendrickson, Assistant United States Attorney
Email:  Loria.A.Hendrickson@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Lawrence Martin Birk        (via U.S. mail)

s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant