**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 18-CR-00359-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LAWRENCE MARTIN BIRK,

      Defendant.

**STIPULATED JURY INSTRUCTIONS**

      The United States of America and Defendant Lawrence Martin Birk, by and through undersigned counsel, jointly submit the following stipulated jury instructions.

      Respectfully submitted this 10th day of July, 2019.

      RICHARD E. ZUCKERMAN
      Principal Deputy Assistant Attorney General
      U.S. Department of Justice, Tax Division

      By:  /s/ *Christopher Magnani*

      ELIZABETH C. HADDEN
      Assistant Chief
      CHRISTOPHER MAGNANI
      Trial Attorney
      U.S. Department of Justice, Tax Division
      150 M Street, NE
      Washington, DC 20002
      Tel: (202) 514-5189
      Fax: (202) 514-9623
      elizabeth.c.hadden@usdoj.gov
      christopher.magnani@usdoj.gov

      Attorneys for the United States

2

EDWARD R. HARRIS
JENNIFER BECK
Assistant Federal Public Defenders
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Edward.Harris@fd.org

Attorneys for Defendant

## STIPULATED INSTRUCTION NO. 1
PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision.  But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented by Trial Attorneys Elizabeth Hadden and Christopher Magnani.  The defendant, Lawrence Birk, is represented by his lawyers, Edward Harris and Jennifer Beck.

The indictment charges the defendant with the willful evasion of the payment of his taxes.  The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of guilt or anything else.  The defendant pleaded not guilty and is presumed innocent.  He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.

The first step in this trial will be the opening statements.  The government in its opening statement will tell you about the evidence which it intends to put before you.  Just as the indictment is not evidence neither is the opening statement.  Its purpose is only to help you understand what the evidence will be.  It is a road map to show you what is ahead.

After the government's opening statement, the defendant's attorney may make an opening statement.

Evidence will be presented from which you will have to determine the facts.  The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence.  After the government's evidence, the defendant's lawyer may present evidence but is not required to do so.  I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt.  If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law.  Do not draw any conclusion from such objections or from my rulings on the objections.  If I sustain an objection to a question, the witness may not answer it.  Do not attempt to guess what answer might have been given if I had allowed the answer.  If I overrule the objection, treat the answer as any other.  If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations.  Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply.  Sometimes we will talk briefly, at the bench.  But some of these conferences may take more time, so I will excuse you from the courtroom.  I will try to avoid such interruptions whenever possible, but please be patient event if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial.  It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

During the course of the trial I may ask a question of a witness.  If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may.  On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in the note taking that you will become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids.

Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

6

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.  With that introduction, the government may present its opening statement.

**Authority / Source:**
§ 1.01 and 1.02 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011) (Updated February 2018).

## STIPULATED INSTRUCTION NO. 2
LIMITING INSTRUCTION FOR EXHIBITS CONTAINING LEGAL COMMENTARY

The exhibit that was just admitted has been offered and may only be considered for the limited purpose of determining what the Defendant believed or understood about his legal duty to pay federal income taxes.

The exhibit contains statements about the law in the form of [Defendant's position on what the law is] [the IRS's position on what the law is] [citations to and summaries by the IRS of appellate cases].

It is my duty to explain to you the law applicable to this case. You may not rely upon any statements of law contained in this exhibit. You may rely only upon the law as I give it to you in the jury instructions at the end of this case. It is your sworn duty to follow all of the rules of law as I explain them to you.

**STIPULATED INSTRUCTION NO. 3**
INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case–for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. A printed copy of these instructions will be given to you for use in the jury room, so you need not take notes.

**Authority / Source:**
§ 1.03 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011) (Updated February 2018) (modified to clarify that jury will have printed copy of instructions).

## STIPULATED INSTRUCTION NO. 4
DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened–that is, in reaching your decision as to the facts–it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

**Authority / Source:**
§ 1.04 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011) (Updated February 2018).

## STIPULATED INSTRUCTION NO. 5

PRESUMPTION OF INNOCENCE–BURDEN OF PROOF–REASONABLE DOUBT

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

**Authority / Source:**
§ 1.05 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011) (Updated February 2018).

## STIPULATED INSTRUCTION NO. 6
### EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**Authority / Source:**
§ 1.05 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011) (Updated February 2018).

## STIPULATED INSTRUCTION NO. 7
### EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

**Authority / Source:**
§ 1.07 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011) (Updated February 2018).

13

**STIPULATED INSTRUCTION NO. 8**
CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

14

[The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**Authority / Source:**
§ 1.08 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011) (Updated February 2018).

**STIPULATED INSTRUCTION NO. 9**
TAX EVASION
ELEMENTS OF OFFENSE

The defendant is charged with a violation of 26 U.S.C. § 7201.

This law makes it a crime for anyone willfully to attempt to evade or defeat the payment of federal income tax.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant owed substantial income tax for the years 1998 through 2005;

*Second*: the defendant intended to evade and defeat payment of that tax;

*Third*: the defendant committed an affirmative act in furtherance of this intent, that is, as alleged in the indictment, he either:

    a) Used the Tarryall business bank account – Park State Bank and Trust account number ending in 694 – to conduct personal financial affairs; or

    b) Maintained a low balance in the Tarryall business bank account by purchasing official checks, often immediately after depositing funds, to either:

        i. Pay for business expenses, or

        ii. Keep for himself.

*Fourth*: the defendant acted willfully, that is, with the voluntary intent to violate a known legal duty.

To "evade and defeat" the payment of tax means to escape paying a tax due other than by lawful avoidance.

16

The indictment alleges that the defendant willfully attempted to evade and defeat the payment of at least $93,031. The proof, however, need not show the exact amount of the tax due and owing. The government is required only to prove, beyond a reasonable doubt, that the tax due was substantial.

**Authority/Source**

26 U.S.C. § 7201
10th Circuit Pattern Instruction 2.92 (modified)

## STIPULATED INSTRUCTION NO. 10
### WILLFULLY – DEFINED

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it.

Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

**Authority / Source:**
Ninth Circuit Criminal Pattern Jury Instructions (2010) (Updated January 2019) § 9.42.

## STIPULATED INSTRUCTION NO. 11
KNOWINGLY—DELIBERATE IGNORANCE

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of a legal duty to pay taxes, unless the defendant did not actually believe he had a legal duty to pay taxes.

**Authority / Source:**
1.37 Tenth Circuit Criminal Pattern Jury Instructions (2011) (Updated February 2018) (modified).

## STIPULATED INSTRUCTION NO. 12
### EXPERT WITNESS

During the trial you heard the testimony of Revenue Agent Mary Trabold who expressed an opinion concerning the amount of tax owed by the defendant. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

**Authority / Source**
1.17 Tenth Circuit Criminal Pattern Jury Instructions (2011) (Updated February 2018) (modified).