IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   18-cr-00359-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LAWRENCE MARTIN BIRK,

       Defendant.

_____

### DEFENDANT'S NOTICE OF INTENT TO USE SUMMARY EVIDENCE
_____

Defendant, by and through undersigned counsel, submits his Notice of Intent to Use Summary Evidence pursuant to Federal Rules of Evidence 1006 and 611(a). The use of summaries of evidence will assist the jury in understanding the evidence and promote judicial economy.

### **Summaries of Voluminous Evidence Pursuant to F.R.E. 1006**

The government has filed Notice of It's intent to introduce summaries of voluminous evidence Pursuant to Federal Rule of Evidence 1006 (ECF. 59).  In that pleading, the government aptly summarizes the relevant law:

Federal Rule of Evidence 1006 allows for the introduction of summary evidence to aid the jury in the examination of testimony or documents in evidence. *See United States v. Thompson*, 518 F.3d 832, 858-59 (10th Cir. 2008); *United States v. Schuler*, 458 F.3d 1148, 1154 (10th Cir. 2006). The proponents of a summary introduced pursuant to Rule 1006 must establish the admissibility of the underlying documents as a condition precedent to introduction of the summary. *United States v. Samaniego*, 187 F.3d 1222, 1223 (10th Cir. 1999). The underlying documents do not have to be admitted, but they must be established as admissible. *Id.* Summaries

must fairly represent the underlying documents upon which they are based. *United States v. Conford*, 336 F.2d 285, 287-88 (10th Cir. 1964).

United States Notice of Intent to call Summary Expert Witness (ECF. 59).

Counsel anticipate that Defendant likely will testify. Counsel expect that Defendant's testimony will refer to correspondence between him and the IRS. Counsel anticipate that various letters from the IRS to the Defendant will be introduced into evidence by the government. Counsel further expect that the government will introduce at least one exhibit in the form of a letter from Defendant to the IRS. Finally, Defendant likely will introduce several exhibits of letters which he wrote to the IRS. All of these letters contain either IRS claims that Defendant's positions with respect with his duty to pay taxes are "frivolous" or Defendant's contentions and questions to the IRS concerning his duty to pay.

The use of summaries of the Defendant's questions and contentions in the form of excerpts from the relevant documents would aid the jury in organizing and understanding those statements and the IRS response to the statements. *See Thompson*, 518 F.3d at 858-59 (approving the use of summaries in tax prosecutions with appropriate limiting instructions); *Mann*, 884 F.2d at 538-39 (same); *Kapnison*, 743 F.2d at 1457-58 (same). As the government has observed: "Rule 1006 treats properly admitted summaries as evidence in their own right rather than just presentations of other evidence in a more coherent form, as long as the underlying evidence is admissible. *Samaniego*, 187 F.3d at 1223-24." However, at this time, Defendant does not anticipate submitting the summary exhibits to go back to the jury. Rather, he expects that he will use them during his case as demonstrative exhibits.

Defendant will provide copies of any summary exhibits to the government before his testimony. Defendant also will provide the government with draft summaries in advance of trial.

## Summaries of Voluminous Evidence Pursuant to F.R.E. 611(a)

Defendant's proposed summary charts also are admissible under Fed.R.Evid. 611(a). That rule permits such summary evidence even when it would otherwise be inadmissible under Rule 1006. Rule 611(a) provides:

> The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
>
> (1) make those procedures effective for determining the truth;
>
> (2) avoid wasting time; and
>
> (3) protect witnesses from harassment or undue embarrassment.

Fed.R.Evid. 611(a).

The Tenth Circuit adopted a two-part test to determine whether summarized exhibits relying on previous testimony (here from the IRS and Defendant) are admissible under Rule 611(a). *United States v. Ray*, 370 F.3d 1039, 1046–47 (10th Cir.2004), *rev'd and remanded on other grounds by United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Ray* directs the court first to consider "whether the summary chart ... aids the jury in ascertaining the truth." *Id.* at 1046. Here, the chart summarizing Defendant's statements to the IRS and the IRS response to similar arguments would aid the jury by permitting streamlined presentation of Defendant's position with respect to whether the IRS was responsive to his queries. The alternative to the chart would be a lengthy chronological exposition of the same evidence via Defendant's testimony alone, referring to numerous exhibits one by one.

Second, *Ray* directs the trial court to consider any resulting prejudice, looking at whether, for example, the preparer was available for cross examination and whether the court gave any limiting instructions. 370 F.3d at 1047. Here, Defendant is available for cross-examination and the IRS witnesses will be called by the government. A Rule 105 instruction has been submitted to the Court by the government with Defendant's full assent.[1] Moreover, the charts are "almost entirely a summary of record exhibits … which are admissible under Rule 1006. *U.S. v. Renteria*, 720 F.3d 1245, 1253 (2013).

## Summaries Promote Judicial Economy

Finally, the use of the summary evidence in this case would promote judicial economy by streamlining the presentation of Defendant's case.

---

[1] Additionally, Defendant anticipates submitting a limiting instruction similar to this:

Charts or summaries have been prepared by the parties and shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, letters, and other documents which are in evidence in the case. Such charts or summaries are not evidence in this trial or proof of any fact. If you find that these charts or summaries do not correctly reflect facts shown by the evidence in the case, the jury should disregard the charts or summaries.

In other words, such charts or summaries are used only as a matter of convenience for you and to the extent that you find they are not, in truth, accurate summaries of facts or figures shown by the evidence in the case, you can disregard them entirely.

Authority:

*United States v. Thompson*, 518 F.3d 832, 859 (10th Cir. 2008)

WHEREFORE, pursuant to FRE 1006 and 611(a), Defendant provides notice of his intent to use summary exhibits.

Respectfully submitted,


VIRGINIA L. GRADY
Federal Public Defender


s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2019, I electronically filed the foregoing

### DEFENDANT'S NOTICE OF INTENT TO USE SUMMARY EVIDENCE

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Christopher Michael Magnani, Assistant United States Attorney
E-mail:  christopher.magnani@usdoj.gov

Elizabeth Caryl Hadden, Assistant United States Attorney
Email:  elizabeth.c.hadden@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Lawrence Martin Birk          (via U.S. mail)

s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant