THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 18-cr-00359-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LAWRENCE MARTIN BIRK,

      Defendant.

---

## DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

---

The defendant, Lawrence Martin Birk, by and through his attorneys, Assistant Federal Public Defenders Edward R. Harris and Jennifer Beck, submits the following proposed voir dire questions, intending that they supplement the Court's typical inquiries to the degree that they are not duplicative.

**I.   GENERAL INFORMATION**

    1.   Please state your name and address.

    2.   Where were you born?

    3.   How old are you?

    4.   Are you married?  If so, what does your spouse do?

    5.   Do you have any children?  If so, how old are they, where do they live, and what do they do for a living?

    6.   What grade of education did you complete?

        a.  What year did you complete your education?
        b.  Do you hold college or professional degrees and if so, what degrees?

    c.  Please give the names and locations of the college or colleges you attended.

7.    Where have you been employed the last ten years?

    a.  What kind of work you presently do?
    b.  What are your duties?
    c.  Do you supervise people?  How many?

8.    Where have you lived over the last ten years?

    a.  Do you own or rent your home?
    b.  How long have you lived at your present address?

9.    Are you involved in any local political activities?  If so, what type?

10.    Are you a member of any clubs, or community, civil, or religious or political organizations?

    a.  What is the club's purpose?
    b.  How long have you been a member?
    c.  Have you ever held an official position?

11.    Do you know Mr. Birk, the attorneys, or anyone identified as a potential witness in this case?

12.    Have you ever served on a Grand Jury?  If so:

    a.  When?
    b.  Where?
    c.  For how long did you serve in that capacity?
    d.  Would the fact that you have served as a grand juror cause you to give any weight to the fact that the defendant has been indicted?

13.    Have you ever served as a juror in a trial?  If so:

    a.  When?
    b.  Where?
    c.  Was it a criminal or a civil trial?
    d.  What were the charges?
    e.  Did the jury reach a verdict?
    f.  Were you the foreperson?
    g.  In a civil case the burden is a mere preponderance of the evidence while in this case the burden of proof is upon the government beyond a reasonable doubt, the highest burden imposed by law.  If you served on a civil jury previously, do you understand the difference in the burden of proof?

14.    Have you, a family member, or close friend ever been a defendant in a criminal case?

    a.  Who?
    b.  What was the charge?
    c.  When?
    d.  What happened with the case?
        i.  Did you (or they) plead guilty or not guilty?
        ii.  Did the case go to trial?  If so, what was the result?
    e.  Were you, or they, satisfied with the criminal justice process?  Why or why not?
    f.  Was there anything about that experience that would prevent you from being fair and impartial if selected to serve on a jury in a criminal case? Why or why not?

15.    Have you, a family member, or a close friend ever been the victim of any crime?

    a.  Who was the victim?
    b.  What crime?
    c.  When?
    d.  What were the circumstances?
    e.  Did you (or they) report the crime to the police?
    f.  Was anyone arrested?
    g.  Was anyone charged with a crime, that is, have to go to court?
    h.  Did you, your family, or friends testify in court as the victim of a crime?
    i.  Was there a trial with a jury?
    j.  If there was a jury trial, was anyone found guilty?
        i.  What happened to those persons?
        ii.  What sort of sentence did they receive?
    k.  If there was a jury trial, was anyone found not guilty?
    l.  Were you (or they) satisfied with the court process?  Why or why not?
    m.  Was there anything about this experience that would prevent you from being fair and impartial if selected to serve on a jury in a criminal case? Why or why not?

16.    Have you ever been a witness in a trial?  If so:

    a.   When?
    b.  Where?
    c.  As a witness, which side did you testify for?

17.    Have you ever worked in a law enforcement field? If so, when and how were you employed?

    a. Do you have any relatives or close friends who work in law enforcement.  If so, when and what were their jobs?

    b. Did you ever attend any school with a law enforcement focus? (e.g. criminal justice or officer training program)

    c. (Depending upon answers above) - Given your connection with the law enforcement field, do you feel you would tend to favor and/or give more credence or credibility to the prosecution's version of the case?

    d. Do you believe that police officers always tell the truth? Please explain your answer.

    e. Do you feel that just because a police officer or other law enforcement official testifies that testimony must necessarily be true or untrue?

    f. Can police officers be mistaken?

18.    Have any of you served in the military?

    a. What branch?

    b. For how long?

    c. What rank did you achieve?

    d. Did you ever serve on a court martial?  If so, in what capacity did you serve on a court martial?

19.    Have you been employed by the federal government or the government of the State of Colorado, or have family members or close friends who are employed by the federal government or the government of the State of Colorado?  If so, who and with what agency?

20.    Have you ever studied law or worked in a lawyer's office or as an agent of a lawyer, or in a business which has had frequent dealings with the law?

21.    Do you have any problem with hearing or sight or any other medical issues which would impair your full attention to this trial?

## II.   GENERAL LEGAL PRINCIPLES

1.    Do you believe that, if the police have arrested an individual and the prosecutor has brought him to trial, there is good reason to believe that the man on trial is somewhat guilty?  Does anyone have a hard time thinking of Mr. Birk as innocent right now?  Does anyone here think that because Mr. Birk is the defendant, the case hasn't been dismissed or anything, he is probably guilty of something?

2.    The indictment filed in this case is merely the government's pleading which is designed to inform the defendant of the charge against him; it is never to be taken as evidence of guilt.  Would you, because the defendant has been indicted, regard the indictment as evidence of guilt, or in other

words, be unable to regard the defendant as being innocent as they sit here now in this courtroom?

3.    If you were called upon right now to vote guilty or not guilty, what would your vote be?  You would have to vote not guilty because there has been no proof, only mere charges, right?

a.  Do you have a problem with this?  Why?
b.  Do you think that this is unfair to the government?  Why?

4.    The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  A defendant is presumed to be innocent, and the burden is always upon the prosecution to prove beyond a reasonable doubt a defendant's guilt, and this burden never shifts throughout the trial.  Can you give the defendant the benefit of this presumption?  Do you believe that Mr. Birk should have to prove his innocence?  Why or why not?

5.    Reasonable doubt means very simply a doubt founded in reason which arises from a fair consideration of all the evidence or lacking evidence in the case.  To put it in perspective it is sometimes helpful to compare it with the burden of proof in civil cases.  In civil litigation, the plaintiff, or the party bringing the suit, has the burden of proving his case by the preponderance of the evidence, or very simply, whoever has the most evidence wins the case.  In a criminal case the burden on the prosecution is much higher, because if you, as a juror, have a reasonable doubt of the defendant's guilt, regardless of the preponderance of the evidence, you must find the defendant not guilty.  Is there anyone here who would not hold the government to its burden of proving its case beyond a reasonable doubt?

6.    As jurors in this case, you will be tasked with determining the credibility of each witness.  If Mr. Birk chooses to testify, how will you determine his credibility?  Knowing he has been accused and stands the most to lose, will you believe anything he says?

7.    Over the course of the trial you may here from witnesses who have been qualified as experts.  Will you credit their testimony any more than any other witness?

8.    The fact that prosecutors are allowed to claim they represent "the United States" entitles them to no special treatment.  They, like defense attorneys, are simply the lawyers for one side of the case.  Do you view the prosecutors and defense attorney as equal in the eyes of the law?

8. Assume for a minute that, at the time of deliberations, you found that you were alone in your beliefs and the other eleven jurors disagreed with you. You know yourself better than anyone.

 a. How do you think you would feel if you were the only person not in agreement with the other folks?
 b. Do you see yourself open to changing your mind if, after listening to what the other jurors had to say, you found their arguments to be persuasive?
 c. On the other hand, do you believe you could stick to your firmly held opinion, even in the face of other jurors who may disagree with you?
 d. Even if confronted by all of the other jurors, would you be willing to continue to hold to your opinion, after you have listened to everyone else's opinion, if you believe that your opinion is correct?

## III. CASE SPECIFIC AREAS

**Feelings about and experience with the IRS and Taxes:**

1. Have you had any training in accounting, bookkeeping, or the law?  If so, please describe.

2. If you are self-employed, do you do your own taxes or use an accountant? If you use an accountant, do you rely on them to tell you what you need to provide so they can prepare your taxes?

3. If you are not self-employed, do you do your own taxes or use an accountant?  If you use an accountant, do you rely on them to tell you what you need to provide so they can prepare your taxes?

4. Have you, your friends, or family members, ever failed to file tax returns?

5. Have you, your friends, or family members, ever failed to pay taxes?

6. Have you, your friends, or family members, ever been audited?

7. Have you, your friends, or family members, ever faced a civil penalty from the IRS?

8. Have you, your friends, or family members, ever been the subject of a criminal investigation by the IRS?

9. Have you, your friends, or family members, ever been criminally prosecuted by the IRS?

6

10.     Do you think it is fair that someone can be charged with a crime, as opposed to getting a civil fine, for failing to pay taxes?

11.     Let's say there is a scale from 1 to 10.  1 means that you hate the IRS.  You don't believe we should have to pay taxes, you don't like what our taxes go toward, you try to minimize the tax you owe, you contest your tax bill.  On the other hand, 10 means you love the IRS.  You always pay your taxes, you believe in the purposes of taxes, you get the bill, you pay the bill without questioning how it was calculated, even if you disagree you pay it anyway.  Where would you put yourself on that scale?  Where do those beliefs come from? I.e., how you were raised?  Where you grew up?  Membership in any organization?

12.     As you now know, this case involves an allegation of tax evasion.  Is there anything about that charge that makes it less likely that you could be a fair and impartial juror in this type of case?

**Willfullness:**

1.     Let's consider a hypothetical: You are driving down the road and see a "no parking" sign but you think that parking sign is subject to interpretation, allowing you to park in that "no parking" zone.  While you are getting out of your car, a parking enforcement officer comes along and tells you that you are wrong, that you can't park in that zone, that your interpretation is wrong.
    a.  Are you the type of person who would stand by your belief and park there anyway?
    b.  Are you the type of person who would change your view simply because the parking enforcement officer said so, and move your car?
    c.  Or are you the type of person who would persist in thinking the parking enforcement officer was wrong, but still move your car?
    d.  Where do those beliefs come from? I.e., how you were raised?  Where you grew up?  Membership in any organization?

**Final Question:**

1.     Is there anything else you think I should have asked that I didn't think to ask?  If you were the defendant in this case, would you feel comfortable with someone of your mindset as a juror in your trial?  Anythingi you think we should know about you that could impact your ability to be a fair and impartial juror?

WHEREFORE, Lawrence Birk, through counsel, submits the foregoing proposed voir dire questions, intending that they supplement the Court's typical inquiries to the degree that they are not duplicative.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
jennifer_beck@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2019, I electronically filed the foregoing

## DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Christopher Michael Magnani, Assistant United States Attorney
E-mail:  christopher.magnani@usdoj.gov

Elizabeth Caryl Hadden, Assistant United States Attorney
Email:  elizabeth.c.hadden@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Lawrence Martin Birk          *via U.S. mail*

s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
jennifer_beck@fd.org
Attorney for Defendant