**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 18-CR-00359-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LAWRENCE MARTIN BIRK,

       Defendant.

---

**UNITED STATES' MEMORANDUM IN OPPOSITION
TO DEFENDANT'S PROPOSED JURY INSTRUCTION**

---

The United States of America, by and through undersigned counsel, submits the following memorandum in support of its opposition to defendant's proposed jury instruction, filed at ECF 68 and reproduced here for the Court's convenience:

> Mr. Birk believed in good faith that he did not owe taxes and that he communicated that good faith belief in correspondence and in interviews with the IRS.
> He reviewed the materials sent to him by the IRS, but he continued to believe that he did not owe taxes. At all times, Mr. Birk acted in good faith based on his understanding of the law.
> In asserting he acted in good faith, the defendant does not take on a burden of proof. The defendant is under no burden to prove his good faith; rather, the government must prove bad faith beyond a reasonable doubt. Good faith is a complete defense to the charge in this case.

In support of this instruction, defendant cites *United States v. Alcorn*, 329 F.3d 759, 767 (10th Cir. 2003), selectively quoting the portion stating that defendants are entitled to a theory of defense instruction that is supported by some evidence and the law. The opinion goes on, however, to note that such an instruction is only required if its

absence would render the Court's instructions erroneous or inadequate, going as far to write that a defense theory instruction is not required even if it would give the jury a clearer understanding of the issues. *Id.* The *Alcorn* court specifically says, rather obviously, that "the court is not required to give an instruction that misstates the law or that is already covered by other instructions." *Id.* The legal portion of defendant's proposed instruction (the third paragraph) both misstates the law and repeats law that is already covered by other instructions. The "factual" portion (the first two paragraphs) is not even a proper "defense theory" instruction.

## I.  The proposed instruction incorrectly states the law.

The authority cited by the defense does not support any of the legal propositions in their instruction. The legal inaccuracy lies in the claim that "the government must prove bad faith." Since *United States v. Pomponio*, 429 U.S. 10 (1976), the law has been clear and consistent: the government does not have to prove "bad faith" in a tax prosecution. In rebutting a "good faith" defense, the correct standard is outlined in stipulated instruction no. 10: "the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law." Willfulness is nothing more than a "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 200-01 (1991). This should be no surprise to the defense, as *Cheek* is the leading case on the "good faith" defense to willfulness.

## II.  The proposed instruction repeats law covered by other instructions.

The remaining legal points, while not incorrect, are covered by other instructions. That defendant has no burden is plainly clear from stipulated instruction no. 5. That defendant specifically does not have to prove his good faith (and that it is a complete

defense) is clear from stipulated instruction no. 10: "the government must prove . . . that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty. . . . [T]he government must prove . . . that the defendant did not have a good faith belief that he was complying with the law."

### III.     The proposed instruction is not a proper "defense theory" instruction.

Finally, it would be inappropriate for the Court to read the first two paragraphs, which are more appropriately reserved for defendant's closing argument.[1] Defendant offers no authority for the proposition that a "defense theory" instruction requires the Court to recite the "facts" that would acquit the defendant. The instructions requested in *Alcorn*, as well as the one in *United States v. Haney*, 318 F.3d 1161 (10th Cir. 2003) (en banc) (also cited by defense) did not include such "factual" portions. Instead, those defendants simply asked (and were properly denied) the courts to give legal instructions that pertained to their defense. *See also United States v. Williams*, 403 F.3d 1188, 1196 (10th Cir. 2005) (denying a "defense theory" *legal* instruction on possession).

---

[1] In *Alcorn*, in affirming the trial court's refusal to give defendant's proposed instruction, the court suggested that it would be more appropriate for defense counsel to address the issues raised in his proposed instruction in closing argument. 329 F.3d at 768 n.7.

This instruction should not be given. Defendant cites no authority in support of this instruction. The only case he cites, following the quoted portion, explains why this instruction is *not* required. Further, the instruction incorrectly states the law, restates legal principles covered in other instructions, and inappropriately asks the Court to tell the jury, *inter alia*, that "[a]t all times, Mr. Birk acted in good faith based on his understanding of the law."

Respectfully submitted this 15th day of July, 2019.

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General
        U.S. Department of Justice, Tax Division

        By:  /s/ *Christopher Magnani*

        ELIZABETH C. HADDEN
        Assistant Chief
        CHRISTOPHER MAGNANI
        Trial Attorney
        U.S. Department of Justice, Tax Division
        150 M Street, NE
        Washington, DC 20002
        Tel: (202) 514-5189
        Fax: (202) 514-9623
        elizabeth.c.hadden@usdoj.gov
        christopher.magnani@usdoj.gov

        Attorneys for the United States

## **CERTIFICATE OF SERVICE**

   I hereby certify that, on July 15, 2019, I electronically filed the foregoing with the clerk of court by using the CM/ECF system which will send a notice of electronic filing to the attorneys of record.

               */s/ Christopher Magnani*
               Christopher Magnani
               Trial Attorney
               U.S. Department of Justice, Tax Division
               150 M Street, NE
               Washington, DC 20002
               Tel: (202) 307-6408
               Fax: (202) 514-9623
               Email: christopher.magnani@usdoj.gov