IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   18-cr-00359-REB

UNITED STATES OF AMERICA,

  Plaintiff,

v.

LAWRENCE MARTIN BIRK,

  Defendant.

**DEFENDANT'S REPLY TO UNITED STATES' MEMORANDUM
IN OPPOSITION TO DEFENDANT'S PROPOSED JURY INSTRUCTION**

  Comes now, Defendant, by and through undersigned counsel, and hereby submits and states in support of Defendant's proposed Theory of Defense Jury Instruction (ECF. 68) that:

**Introduction:**

  On July 16, 2019, the government filed a Memorandum in Opposition to Defendant's Proposed Jury Instruction (ECF. 75).  The instruction which is the focus of the governments' attention is Defendant's proposed theory of defense instruction (ECF. 68).  The government raises three concerns with respect to that instruction: (1). that the Court is not required to give a theory of defense instruction; (2). that the proposed instruction incorrectly states the law; (3). that the proposed instruction is redundant of other instruction; and (4). that the proposed instruction improperly contains facts.  On these points, the government is only partially correct.

**The Court May Give a Theory of Defense Instruction But is Not Required to**

Concededly theory of defense instructions are discretionary with the Court. Defendant has never claimed otherwise. However, the law is clear that a Court *may* give such instructions where appropriate.

**The Instruction Does Not Misstate the Law:**

Defendant's proposed instruction does not misstate the law. The government relies on a broad reading of *United States v. Pomponio,* 429 U.S. 10 (1976) to support its position. However, *Pomponio* merely discusses willfulness and terms synonymous with willfulness such as bad faith and evil intent. The Court did not rule that an instruction *requiring* the Government to prove bad faith would be improper.

Further, an instruction comparable to the proposed instruction is specifically recommended by Sand and Siffert, the authors of a leading treatise on jury instructions. *See* 8-1 Modern Federal Jury Instructions – Criminal, paragraph 8.01 (Mathew Bender), endorsing a good faith instruction which includes the language: "***the government must prove bad faith***… beyond a reasonable doubt." (emphasis added). The authors cite authority for that instruction. *See Id* (Comments at fn. 7).

In any event, instructing the jury that the government must prove bad faith is simply a fair explication of the law. Defendant submits that it is clearer to say that the government must prove bad faith beyond a reasonable doubt than to say that it must disprove good faith. The statements are synonymous, neither is wrong.

**The Instruction is Not Simply Redundant**

As set forth above, the instruction is not merely redundant. The willfulness/good faith instruction to which the parties have stipulated does state the law concerning good faith. However, the proposed theory of defense instruction provides a clear but slightly different formulation of the concept. Even if it were word for word the same as another instruction, the Court is not precluded from giving the instruction. *Alcorn* merely states that "the Court is *not required* to give an instruction… already covered by other instructions." *See United States v. Alcorn*, 329 F.3d 759, 767 (10th Cir. 2003) (emphasis added).

**Facts in the Instruction are Limited and Appropriate**

Finally, the government objects as "inappropriate" for the Court to inform the jury that Defendant's theory of defense is that he "communicated [his] good faith belief in correspondence and in interviews with the IRS" and that he "reviewed the materials sent to him by the IRS, but continued to believe that he did not owe taxes." Defendant respectfully disagrees.

The proposed instruction does not contain a lengthy recitation of facts. It is succinct and only includes such facts as necessary to place the instruction in context. To the extent that the Court is concerned that including even that limited summary would confuse the jury, it could add prefatory language such as this: "As I will/have instruct[ed] you, as jurors you are the sole judge of the facts. Defendant contends that the facts do not support guilty verdicts. Specially, it is his theory of defense that he is not guilty because..."

3

Any theory of defense inherently relies upon both facts and law.  The government notes that the Defendant has offered no authority to include facts in the instruction.  Yet, the government also has provided no authority for the proposition that facts may never be included.

WHEREFORE, Defendant respectfully submit that his proposed theory of instruction (ECF. 68) should be given.

                Respectfully submitted,

                VIRGINIA L. GRADY
                Federal Public Defender

                s/ Edward R. Harris
                Edward R. Harris
                Assistant Federal Public Defender
                633 17th Street, Suite 1000
                Denver, CO  80202
                Telephone:  (303) 294-7002
                FAX:  (303) 294-1192
                Edward_Harris@fd.org
                Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2019, I electronically filed the foregoing

**DEFENDANT'S REPLY TO UNITED STATES MEMORANDUM
IN OPPOSITION TO DEFENDANT'S PROPOSED JURY INSTRUCTION**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Christopher Michael Magnani, Assistant United States Attorney
E-mail:  christopher.magnani@usdoj.gov

Elizabeth Caryl Hadden, Assistant United States Attorney
Email:  elizabeth.c.hadden@usdoj.gov

                        s/ Edward R. Harris
                        Edward R. Harris
                        Assistant Federal Public Defender
                        633 17th Street, Suite 1000
                        Denver, CO  80202
                        Telephone:  (303) 294-7002
                        FAX:  (303) 294-1192
                        Edward_Harris@fd.org
                        Attorney for Defendant