IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 18-cr-00359-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LAWRENCE MARTIN BIRK,

       Defendant.

_____

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S
LATE PROPOSED JURY INSTRUCTIONS**
_____

Defendant Lawrence Martin Birk, by and through undersigned counsel, respectfully asks this Court to strike the government's pleading found at ECF 85 entitled "United States' Proposed Jury Instructions".  Alternatively, Defendant asks that the instructions simply not be given.  In support, Defendant states:

1. At 7:45 p.m. on the eve of closing arguments and a charging conference, the government filed, out of time, two proposed jury instructions.  The form and timing fail to comply with this Court's orders regarding jury instructions as set forth in this Court's Practice Standards.

2. The government first floated orally the idea of instruction G-1 yesterday afternoon to counsel after previously stipulating to jury instructions over a week ago.

**G-1 should not be given**

3. G-1 is problematic. It should not be given.

4. Counsel has found no cases where this sort of instruction is given in a tax evasion case. Only one Circuit endorses it – not the 10th. He is unsure why it is necessary here. No case law authority is provided, so, as written, we cannot be sure the instruction even accurately states the law. While some statements are presumably true, others are more obscure and reasonably require supporting citations.

5. The instruction works to relieve the government of its burden of proof on an essential element of the offense: that Mr. Birk had a "duty to pay".

6. Regardless of whether Defendant actually contests the points presented in the instruction, the instruction introduces complex legal concepts that have no bearing on the issues at trial and is a potentially confusing waste of time.

7. The instruction only serves to confuse the jury and interfere with Defendant's ability to pursue a good-faith *Cheek* defense because this instruction gratuitously overemphasizes the existence of a duty to pay.

8. Jury instructions cannot be a proxy for proof that government needs to introduce at trial. This one does just that.

/ / /

9. Beyond these infirmities, the instruction also raises more questions than it answers:

What is "income"?
- What is "gross income"?
- What counts as "wages"?
- What is "gain from the sale of a capital asset" and how is it calculated?
  - What makes something "capital"?
  - How do you know the amount of "gain"?
- Is all "income" taxable? If not why?
- How is income attributed to a particular individual?

### G-2 should not be given

10. G-2, like G-1, is late and in a form not approved by the Court.

11. G-2 is unnecessary given the evidence in this case. Absent any case citation, it is not even clear if it is an accurate statement of the law.

12. The originally stipulated good faith instruction accurately states the law. No further explication is needed.

                           Respectfully submitted,

                           VIRGINIA L. GRADY
                           Federal Public Defender

                           s/ Edward R. Harris
                           Edward R. Harris
                           Assistant Federal Public Defender
                           633 17th Street, Suite 1000
                           Denver, CO  80202
                           Telephone:  (303) 294-7002
                           FAX:  (303) 294-1192
                           Edward_Harris@fd.org
                           Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2019, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Christopher Michael Magnani, Assistant United States Attorney
    E-mail:  christopher.magnani@usdoj.gov

    Elizabeth Hadden, Assistant United States Attorney
    Email:  Elizabeth.C.Hadden@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Lawrence Martin Birk    (via U.S. mail)

    s/ Edward R. Harris
    Edward R. Harris
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Edward_Harris@fd.org
    Attorney for Defendant