## INSTRUCTION NO. 1

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and will soon hear argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case. It is your duty as jurors to follow the law as I shall state it to you, and to apply the law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by the court.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case, and finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.

Counsel may properly refer to the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you are, of course, to be governed by the final instructions of the court.

Nothing the court says in these instructions is to be taken as an indication that the court has any opinion about the facts of the case, or what that opinion is. It is not the function of the court to determine the facts, but rather yours.

You were chosen as a juror for this trial in order to evaluate all the evidence received and to decide each of the factual questions presented by the charge brought by the government in the Indictment and the corresponding plea of not guilty by defendant. You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, bias, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach just verdicts, regardless of the consequences. That is the oath you took and the promise you made.

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits admitted in evidence, regardless of who may have produced them. Nothing else is evidence.

The statements and arguments of the lawyers are not evidence. What the lawyers said to you or showed to you during their opening statements and their closing arguments is not evidence. Their questions and objections are not evidence. Thus, if a lawyer asks a question of a witness that contains an assertion of fact, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers of the witnesses are evidence.

The legal rulings of the court are not evidence. The comments, admonitions, and questions of the court are not evidence.

Anything you may have seen, heard, read, or viewed outside the courtroom is not evidence and must be disregarded entirely.

There are two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence presented by a percipient witness such as the testimony of an eyewitness or earwitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but requires that the jury find the facts in accordance with the evidence in the case, both direct and circumstantial.

If any reference by the court or by an attorney to matters of evidence – whether testimony or exhibits – does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of anyone else. You are the sole judges of the evidence received in this case.

You are to consider only the evidence in the case. However, in your consideration of the evidence, you are not limited to just the statements of the witnesses. In other words, you are not limited solely to what you saw and heard as the witnesses testified. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in light of your experience. An inference is a conclusion that reason and common sense may lead you to draw from the facts which you find have been proved beyond a reasonable doubt. By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

The mere number of witnesses appearing for or against a particular fact, issue, or proposition does not in and of itself prove or disprove that fact, issue, or proposition. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Any evidence to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be disregarded entirely.

You are here to decide whether the government has proved beyond a reasonable doubt that defendant is guilty of the crime with which he is charged in the Indictment. Defendant is not on trial for any act, conduct, or crime not charged in the Indictment. Neither the Indictment nor the allegations contained in it are evidence.

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony, if she is even permitted to do so.

Any verdict of the jury must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Any verdict must be unanimous.

As jurors, it is your duty to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is

erroneous. However, do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case and return just verdicts based on the evidence in the case and the law as the court has presented it to you.

## INSTRUCTION NO. 2

Defendant has entered a plea of not guilty to the crime charged in the Indictment. Under the law, defendant is presumed to be innocent of the crime with which he is charged. The government, not defendant, has the burden of proof. This burden requires proof beyond a reasonable doubt. Therefore, the government must establish guilt by proof beyond a reasonable doubt. Defendant does not have to prove his innocence or call any witnesses or conduct any examination or cross-examination or present any evidence, although he may do so.

While the government's burden of proof is a strict or heavy burden, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the guilt of the defendant concerning the crimes charged in the Indictment. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. The law requires that the government's proof exclude any "reasonable doubt" concerning the guilt of the defendant.

A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence or lack of evidence in the case. It is not a vague, speculative, or imaginary doubt, but the kind of doubt that would cause a reasonable person to hesitate to act in a matter of importance to himself or herself.

If, based on your consideration of the evidence, you are firmly convinced defendant is guilty of the crime charged in the Indictment, you must find him guilty. If, on the other hand, you think there is a real possibility defendant is not guilty of the crime charged in the Indictment, you must give him the benefit of the doubt and find him not guilty.

## INSTRUCTION NO. 3

I remind you that it is your job to decide whether the government has proved defendant guilty beyond a reasonable doubt concerning the crime charged in the Indictment. In doing so, you must consider all the evidence. This does not mean, however, that you must accept all the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to each witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. You also should keep in mind that innocent misrecollection – like failure of recollection – is not uncommon.

Defendant's testimony should be weighed and his credibility evaluated in the same way as that of any other witness.

In reaching a conclusion on any relevant matter, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

## INSTRUCTION NO. 4

The rules of evidence ordinarily do not permit a witness to testify as to his or her own opinions or conclusions about important questions in a trial. An exception to this rule exists as to a witness who is described as an "expert witness." An expert witness is someone who, by education, background, training, skill, or experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such scientific, technical, or other specialized knowledge may be of assistance to you in understanding some of the evidence or in determining a fact, an expert witness may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you think it deserves. You should consider the testimony of an expert witness just as you consider other evidence in this case.

If you decide that the opinion of an expert witness is not based on sufficient knowledge, skill, education, training, or experience, or if you determine that an opinion is not supported by sufficient facts or data, or if you conclude that the opinion is not the product of reliable principles and methods, or if you find that the expert has not reliably applied the principles and methods to the facts you have found from the evidence, or if you conclude that the opinion is outweighed by other evidence, including that of any other expert witness, you may disregard the opinion in whole or in part.

As I have told you several times, you, the jury, are the sole judges of the evidence and facts of this case, including the credibility of the witnesses, including expert witnesses.

## INSTRUCTION NO. 6

Federal income taxes are levied on income that comes from compensation for personal services of every kind and in whatever form paid, whether as wages, commissions, or money earned for performing services. The tax is levied also on profits earned from any business, regardless of its nature, and from interest, dividends, rents, and the like. The income tax also applies to any gain from the sale of a capital asset or from the premature or early withdrawal or distribution of personal retirement or pension funds. In short, the term "gross income" means all income from whatever source, unless it is specifically excluded by law.

The law allows exemptions from income taxes for funds acquired from certain sources. The most common nontaxable sources are loans, gifts, inheritances, the proceeds of insurance policies, and funds received from selling an asset to the extent the amount received is the same or less than the cost of the asset.

## INSTRUCTION NO. 7

Defendant is charged with a violation of 26 U.S.C. § 7201, a crime described as Attempt To Evade or Defeat Tax. This law makes it a crime for anyone willfully to attempt to evade or defeat the payment of federal income tax.

To find defendant guilty of this crime you must be convinced that the government has proved each of the following four (4) essential elements beyond a reasonable doubt:

*First*: that defendant owed substantial federal income tax for the years 1998 through 2005; and

*Second*: that defendant intended to evade and defeat payment of that tax; and

*Third*: that defendant committed an affirmative act in furtherance of this intent, that is, as alleged in the Indictment, he either:

> a) Used the Tarryall business bank account – Park State Bank and Trust account number ending in 694 – to conduct personal financial affairs; or
>
> b) Maintained a low balance in the Tarryall business bank account by purchasing official checks, often immediately after depositing funds, to either:
>
>> i. Pay for business expenses, or
>>
>> ii. Keep for himself; and

*Fourth*: that defendant acted willfully, that is, with the voluntary intent to violate a known legal duty. The term "willfully" is defined further in Instruction No. 8.

To "evade and defeat" the payment of tax means to escape paying a tax due other than by lawful avoidance.

The Indictment alleges that defendant willfully attempted to evade and defeat the payment of federal income taxes of at least $93,031. The proof, however, need not show the exact amount of the tax due and owing. The government is required only to prove beyond a reasonable doubt that the tax due was substantial.

If you find after consideration of all the evidence that each and all of these four (4) essential elements have been proven beyond a reasonable doubt, then you must find defendant guilty of the crime of Attempt To Evade or Defeat Tax as charged in the Indictment and should so indicate on the Verdict Form.

If you find after consideration of all the evidence that any one or more of these four (4) essential elements has not been proven beyond a reasonable doubt, then you must find defendant not guilty of the crime of Attempt To Evade or Defeat Tax as charged in the Indictment and should so indicate on the Verdict Form.

## INSTRUCTION NO. 8

To prove defendant acted "willfully," the government must prove beyond a reasonable doubt that defendant knew federal tax law imposed a duty on him and that he intentionally and voluntarily violated that duty.

A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it.

Thus, to prove defendant acted willfully, the government must prove beyond a reasonable doubt that defendant did not have a good faith belief that he was complying with the law.

## INSTRUCTION NO. 9

Defendant asserts a defense of good faith misunderstanding. A good faith misunderstanding of the duty to pay federal income taxes can negate the willfulness element of the crime of Attempt To Evade or Defeat Tax.

The question you must decide is whether defendant had a subjective, good-faith belief that he did not need to pay federal income taxes under the requirements of the law. If defendant had a good-faith misunderstanding of the law's requirements to pay the taxes at issue here, he is not guilty of the offense.

It should be pointed out, however, that neither defendant's disagreement with the law nor his own belief that the law is unconstitutional, no matter how earnestly held, constitutes the defense of good-faith misunderstanding or mistake. It is the duty of all citizens to obey the law regardless of whether they agree with it.

Defendant claims he believed in good faith that he did not owe taxes and that he communicated that good faith belief in correspondence and in interviews with the IRS. He asserts that he reviewed the materials sent to him by the IRS, but that he continued to believe he did not owe taxes. At all times, defendant claims he acted in good faith based on his understanding of the law.

In asserting he acted in good faith, defendant does not take on a burden of proof. Defendant is under no burden to prove his good faith; rather, the government must prove beyond a reasonable doubt that defendant did not have a good faith belief that he was complying with the law. A good faith misunderstanding of the law is a complete defense to the charge in this case.

## INSTRUCTION NO. 10

If you find defendant guilty of the crime charged in the Indictment, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

## INSTRUCTION NO. 11

If it becomes necessary during your deliberations to communicate with the court, you may send a note via the bailiff signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court regarding the issues of the case by any means other than such a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.

If you do send a note to the court containing a question or request for further direction, please bear in mind that a response will take some time and effort. First, the court must notify counsel to return to court. Then the court must confer with counsel, consider their arguments, and, if necessary, research the question before reducing the answer or direction, if any, to writing.

There may be some questions or matters that under the law the court is not permitted to answer or address. If it is improper for the court to answer the question or address the issue, the court will tell you. Please do not speculate about what the answer to your question might be or why the court is not able to answer a particular question or address a particular matter.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are prohibited to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached unanimous verdicts.

## INSTRUCTION NO. 12

The original written instructions are a part of the court record. You are not permitted to write any notes on the original instructions or to deface them in any way. The original instructions and the exhibits are to be returned to the court at the conclusion of your deliberations.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review carefully the instructions and Verdict Form. Not only will your deliberations be more productive if you understand the legal principles on which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the original instructions of the court.

You may deliberate only while all jurors are present together in the jury room.

You must suspend your deliberations until and unless you are all present together in the jury room.

Your deliberations will be secret. You will never have to explain your verdict to anyone.

Any verdict you reach must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. In other words, any verdict you reach must be unanimous.

Any verdict you return must be based solely on the evidence received in the case. Nothing you have seen, heard, observed, or read outside of court may be considered. Nothing the court has said or done during the course of this trial is intended, in any way, to suggest to you somehow what the court thinks your verdict should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict the court thinks you should return. What any verdict shall be is the exclusive duty and responsibility of the jury. As the court has told you many times, you are the sole judges of the evidence and facts.

A Verdict Form has been prepared for your convenience. You will take the Verdict Form to the jury room, and when you have reached unanimous agreement as to your verdict, you will have your foreperson enter your verdict on the Verdict Form, and date and sign, together with all other jurors, the Verdict Form.

When you have arrived at your verdict and have completed, dated, and signed the Verdict Form, your foreperson shall notify the bailiff, who, in turn, will notify the court. You shall remain in the jury room until the court calls for you to return to the courtroom. When you return to the courtroom, your foreperson should bring the original instructions and the Verdict Form with him or her.