IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   18-cr-00359-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE MARTIN BIRK,

    Defendant.

---

### DEFENDANT'S REPLY TO UNITED STATES' SENTENCING STATEMENT

---

Comes now, Defendant (hereinafter "Mr. Birk" or "Lawrence Birk"), by and through undersigned counsel, and, pursuant to D.C.COLO.LCrR 32.1(a)(2), hereby submits his reply to the Government's Sentencing Statement (ECF. 95).  In support, Mr. Birk states that:

**Introduction:  Regardless of the Guidelines, Mr. Birk Should Not Go to Prison**

Mr. Birk intends to seek a noncustodial sentence whether through departure, or variance from the guidelines, or both.  He submits that a prison sentence would be greater than necessary under 18 USC 3553 and that probation would be sufficient to achieve sentencing goals.

Mr. Birk will provide extensive justification for his sentencing recommendation at the appropriate time, after receipt and review of Probation's presentence investigation report.  He takes this opportunity, as provided (but not required) by D.C.COLO.LCrR 32.1(a)(2), to reply to the Government's Sentencing Statement (ECF. 95).

**Facts:**

Mr. Birk's unorthodox tax beliefs led him in 1998 to stop paying income taxes. Before that, and throughout a long career in both the military and working for defense contractors in service of the United States, Mr. Birk had faithfully paid his taxes.

On July 25, 2019, a jury found Mr. Birk guilty of one count of tax evasion. An Army and Marine veteran, at age 65 and with no criminal history, Mr. Birk now faces both a potential prison sentence and an uncertain financial future.

The government seeks a five year prison sentence and over three million dollars in tax loss. Despite an actual amount of unpaid taxes of approximately $93,0000, Mr. Birk will likely owe the IRS somewhere between $1.6 million and $3.5 million when interest and penalties are accounted for. His financial future is uncertain. So is his wife's future because he is her sole caretaker and she has advanced dementia.

**Guideline Calculation:**

The government urges the Court to sentence Mr. Birk based upon the advisory guidelines. It offers a flawed guideline calculation as follows: Total Offense Level of 28 (Base Offense Level of 24, a two-level enhancement for sophisticated means and a two-level enhancement for obstruction of justice). This produces an advisory sentencing guidelines range of 78-97 months which is limited by the statutory maximum of 60 months.

Mr. Birk submits that the proper calculation is a base offense level of no more than 24 (he reserves the right upon review of the facts and the Presentence Investigation Report to adopt a lower base level dependent on loss). There should be

2

no increase for sophisticated means or obstruction of justice. With a base offense level of 24 and no criminal history, the proper advisory guideline range before departure or variance is 51-63 months (capped at 60 months by the statutory maximum).

Mr. Birk further submits that the guideline offense level should be reduced further via a downward departure. Mr. Birk is the sole caretaker for his wife who suffers ongoing and worsening dementia. He also has an elderly mother with breast cancer. Under the advisory guidelines, based upon his extraordinary family circumstances, a downward departure is warranted. *See* USSG 5H1.6 (Application Note 1(B)).

**A Sophisticated Means Enhancement Should Not Be Applied**

USSG 2T1.1(b)(2) provides for a two level enhancement if a tax evasion involves "sophisticated means." [H]iding assets or transactions, or both, through the use of fictitious entities, [or] corporate shells … *ordinarily* indicates sophisticated means." USSG § 2T1.1 comment. (n.5) (emphasis added). However, application of the enhancement is necessarily a case-by- case determination. Here, the Court should not enhance for "sophisticated means."

Sophisticated means is "especially intricate offense conduct pertaining to the execution or concealment of an offense." USSG 2T1.1(b)(2). The formation and use of Tarryall Asset Management, Inc. ("TAMI") as a conduit through which retirement funds passed was in no way sophisticated.

TAMI was not "especially intricate." Mr. Birk set up a single entity. He did not filter money through multiple pass-throughs. This was far from a complicated scheme. One logical indicia of sophistication is secretiveness. Here, the use of TAMI was far from surreptitious. Mr. Birk made no attempt to hide TAMI's existence. Colorado knew

3

of TAMI because he incorporated it with the Colorado Secretary of State. *See* Trial Exhibit 121.  The IRS knew of it because he sought a federal Employer Identification number ("EIN"). *See* Trial Exhibit 14.  His bank knew of it when he used the EIN to open a bank account for TAMI at Vectra Bank. *See* Trial Exhibit 120.  And, while his accountants apparently did not understand TAMI, they knew of it, made notes about it, and inquired of Mr. Birk, who did not tell them about the distributions because he "honestly believed that was not taxable income."  Tr. Trans. 7/24/19 ("Transcript") at 101:4-12 (Government Exhibit A to Sentencing Statement).

*United States v. Vernon*, 814 F.3d 1091, 1107 (10th Cir. 2016) does not require applying the enhancement here.  It's facts are very different than those here.  The arguments raised were different too.  In fact, review of every decision noted in West's Notes of Decisions for 2T1.1 reveals that generally when courts sophisticated means in tax evasion cases, more than one shell corporation was used or there must be more complicated use of a single corporation than occurred here.  *See West Notes of Decision for* FSG § 2T1.1 United States Code Annotated Federal Sentencing Guidelines**.**

## **An Obstruction of Justice Enhancement Should Not Be Applied**

The government seeks a two level enhancement for obstruction of justice under USSG § 3C1.1.  The government premises its argument on a claim of perjury. The government's perjury claim is: (1) Mr. Birk lied to the jury that his failure to pay taxes was not based upon constitutional grounds; and (2) Mr. Birk lied about TAMI.  Both claims are misplaced. Because Mr. Birk did not commit perjury, an obstruction enhancement is unwarranted.

4

### Good Faith vs. Constitutionality

First, Mr. Birk did not lie regarding the basis of his tax beliefs. He consistently framed his beliefs as an understanding that tax law did not apply to his particular income (variously from self-employment or an IRA distribution).  He unequivocally testified: "I believe the tax code is absolutely constitutional." Tr. Transcript at 56:7.  That he also expressed concerns about aspects of tax law bearing on constitutionality does not mean he was lying when he disavowed a belief that the tax code lacked a constitutional basis.  He explained his views on "unapportioned taxes."  He supported "direct taxes."  And, he testified at length about his desire to get answers to questions about the tax laws.  Indeed, at the core of his belief system and understanding of the law is that he was entitled to have questions answered by the government.  Hence, the Redress Petition.

Simply asserting that Mr. Birk must have tailored his testimony in a perjorious matter does not make it so.  The government imputes Mr. Birk bad motive and assumes that he has greater knowledge of trials and the law than the evidence supports.  He is not a lawyer.  The arguments and questions he set forth at trial and has, at times, associated himself with, reveal an ignorance of law that belies the government's view that he was a clever scheme.

Likewise, the jury's guilty verdict does not necessarily indicate its belief that he lied about his good faith.  It also could have convicted him if it believed his arguments were constitutionally based, but he believed they were not so based.

## TAMI

Mr. Birk's testimony about TAMI also does not warrant an obstruction enhancement.  Both his actions and testimony with respect to TAMI are consistent with his belief that the IRA distribution was not taxable.  He testified to that belief.  Not revealing the distribution to his accountants was consistent with his belief. Ultimately, there is no nexus between Mr. Birk's testimony that he "used TAMI as a way to avoid paying withholding on a tax [he] didn't believe in," *id.* at 102:5-7, and the government's conclusion that he lied when he testified that he did not mislead Advanced Tax Solutions or intend to defraud the IRS.

## CONCLUSION

Mr. Birk intends to seek a noncustodial sentence.  He will file a motion for a downward variance from the advisory guidelines because a  prison sentence is greater than necessary to further justice and meet 3553 goals.  Probation is the sufficient sentence.

Despite this conviction, Mr. Birk is a good man.  He served his country in the Army and the Marines.  He has a solid work ethic; he has worked hard all his life, both in the defense industry and in his own business.  He has solid family values, has raised two children, and now takes care of his sick wife.

WHEREFORE this Court should reject a guideline sentence in favor of a noncustodial sentence.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Christopher Michael Magnani, Assistant United States Attorney
E-mail:  christopher.magnani@usdoj.gov

Elizabeth Caryl Hadden, Assistant United States Attorney
Email:  elizabeth.c.hadden@usdoj.gov

s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant