IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   18-cr-00359-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LAWRENCE MARTIN BIRK,

      Defendant.

---

**DEFENDANT'S OBJECTIONS TO PRESENTENCE
REPORT GUIDELINE CALCULATIONS**

---

Comes now, Defendant (hereinafter "Mr. Birk" or "Lawrence Birk"), by and through undersigned counsel, and submits his Objections to the guideline calculation contained within the Presentence Report (ECF 101).  In support, Mr. Birk states that:

**Introduction:  Probation Incorrectly Calculates the Advisory Guidelines**

Mr. Birk objects to Probation's guideline calculation but agrees (in part) with the conclusion that a significant departure and/or variance is warranted.  Probation recommends a six-month custodial sentence.  Mr. Birk will seek a noncustodial sentence.

Probation has calculated the advisory guidelines as follows: Total Offense Level of 28 (Base Offense Level of 24, a two-level enhancement for sophisticated means and a two-level enhancement for obstruction of justice). This produces an advisory

sentencing guidelines range of 78-97 months, which is limited by the statutory maximum of 60 months.

Mr. Birk objects to enhancements for sophisticated means and obstruction of justice. The proper calculation is a base offense level of 24. With a base offense level of 24 and no criminal history, the proper advisory guideline range before departure or variance is 51-63 months (capped at 60 months by the statutory maximum).

**Guideline Objections:**

**OBJECTION 1:  Sophisticated Means Enhancement Should Not Be Applied**

USSG 2T1.1(b)(2) provides for a two level enhancement if a tax evasion involves "sophisticated means." [H]iding assets or transactions, or both, through the use of fictitious entities, [or] corporate shells … *ordinarily* indicates sophisticated means." USSG § 2T1.1 comment. (n.5) (emphasis added). However, application of the enhancement is necessarily a case-by- case determination. Here, the Court should not enhance for "sophisticated means."

Sophisticated means is "especially intricate offense conduct pertaining to the execution or concealment of an offense." USSG 2T1.1(b)(2). The formation and use of Tarryall Asset Management, Inc. ("TAMI") as a conduit through which retirement funds passed was in no way sophisticated.

TAMI was not "especially intricate." Mr. Birk set up a single entity. He did not filter money through multiple pass-throughs. This was far from a complicated scheme. One logical indicia of sophistication is secretiveness. Here, the use of TAMI was far from surreptitious. Mr. Birk made no attempt to hide TAMI's existence. Colorado knew of TAMI because he incorporated it with the Colorado Secretary of State. *See* Trial

2

Exhibit 121.  The IRS knew of it because he sought a federal Employer Identification number ("EIN").  *See* Trial Exhibit 14.  His bank knew of it when he used the EIN to open a bank account for TAMI at Vectra Bank.  *See* Trial Exhibit 120.  And, while his accountants apparently did not understand TAMI, they knew of it, made notes about it, and inquired of Mr. Birk, who did not tell them about the distributions because he "honestly believed that was not taxable income."  Tr. Trans. 7/24/19 ("Transcript") at 101:4-12 (Government Exhibit A to Sentencing Statement).

*United States v. Vernon*, 814 F.3d 1091, 1107 (10th Cir. 2016) does not require applying the enhancement here.  It's facts are very different than those here.  The arguments raised were different too.  In fact, review of every decision noted in West's Notes of Decisions for 2T1.1 reveals that generally when courts sophisticated means in tax evasion cases, more than one shell corporation was used or there must be more complicated use of a single corporation than occurred here.  *See West Notes of Decision for* FSG § 2T1.1 United States Code Annotated Federal Sentencing Guidelines**.**

**OBJECTION 2:  Obstruction of Justice Should Not Be Applied**

Probation endorses a two level enhancement for obstruction of justice under USSG § 3C1.1.  The government premises its argument on a claim of perjury. The government's perjury claim is: (1) Mr. Birk lied to the jury that his failure to pay taxes was not based upon constitutional grounds; and (2) Mr. Birk lied about TAMI.  Both claims are misplaced. Mr. Birk did not commit perjury.  An obstruction enhancement is unwarranted.

### a. Good Faith vs. Constitutionality

First, Mr. Birk did not lie regarding the basis of his tax beliefs. He consistently framed them as an understanding of the law that tax law did not apply to his particular income (variously from self-employment or an IRA distribution).  He unequivocally testified: "I believe the tax code is absolutely constitutional." Tr. Transcript at 56:7.  That he also expressed concerns about aspects of tax law bearing on constitutionality does not mean he was lying when he disavowed a belief that the tax code lacked a constitutional basis.  He explained his views on "unapportioned taxes."  He supported "direct taxes."  And, he testified at length about his desire to get answers to questions about the tax laws.  Indeed, at the core of his belief system and understanding of the law is that he was entitled to have questions answered by the government.  Hence, the Redress Petition.

Simply asserting that Mr. Birk must have tailored his testimony in a perjorious matter does not make it so.  Applying the enhancement would be imputing bad motive and assuming that Mr. Birk has greater knowledge of trials and the law than the evidence supports.  He is not a lawyer.  The arguments and questions he set forth at trial and has, at times, associated himself with, reveal an ignorance of law that belies the government's view that he was a clever schemer.

Likewise, the jury's guilty verdict does not necessarily indicate its belief that he lied about his good faith.  It also could have convicted him if it believed his arguments were constitutionally based, but he believed they were not so based.

4

### b. TAMI

Mr. Birk's testimony about TAMI also does not warrant an obstruction enhancement. Both his actions and testimony with respect to TAMI are consistent with his belief that the IRA distribution was not taxable. He testified that this was his belief. Not revealing the distribution to the accountants was consistent with that belief. Ultimately, there is no nexus between Mr. Birk's testimony that he "used TAMI as a way to avoid paying withholding on a tax [he] didn't believe in," Id. at 102:5-7, and the government's conclusion that he lied when he told the jury and the Court that he did not mislead Erikson or intend to defraud the IRS.

WHEREFORE this Court should reject both sophisticated means and obstruction enhancements and find that the correct advisory guideline range is 51-63 months.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 3, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Christopher Michael Magnani, Assistant United States Attorney
E-mail:  christopher.magnani@usdoj.gov

Elizabeth Caryl Hadden, Assistant United States Attorney
Email:  elizabeth.c.hadden@usdoj.gov

                                      s/ Edward R. Harris
                                      Edward R. Harris
                                      Assistant Federal Public Defender
                                      633 17th Street, Suite 1000
                                      Denver, CO  80202
                                      Telephone:  (303) 294-7002
                                      FAX:  (303) 294-1192
                                      Edward_Harris@fd.org
                                      Attorney for Defendant