**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LAWRENCE MARTIN BIRK,

    Defendant - Appellant.

No. 19-1422
(D.C. No. 1:18-CR-00359-REB-1)
(D. Colo.)

_____

**ORDER**
_____

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

This matter is before the court on the government's motion to dismiss the appeal of Lawrence Birk pursuant to the fugitive-disentitlement doctrine.

A jury in the District of Colorado convicted Mr. Birk of tax evasion in violation of 26 U.S.C. § 7201. On October 31, 2019, the district court sentenced Mr. Birk to 60 months in prison, to be followed by three years of supervised release, and ordered him to pay $1.8 million in restitution to the Internal Revenue Service. Mr. Birk filed a timely notice of appeal on November 1, 2019. The district court ordered Mr. Birk to report to FCI Florence Satellite Prison Camp on November 21, 2019. He failed to self-surrender as ordered. The government sought a warrant for Mr. Birk's arrest based on his failure to report. The district court issued the warrant on November 22, 2019.

On December 4, 2019, the government moved to dismiss this appeal under the fugitive-disentitlement doctrine, and Mr. Birk's attorney filed a response on December 18, 2019. On December 19, 2019, we entered an order taking the motion to dismiss under advisement and directing the parties to submit a joint status report on January 8, 2020. The order provided that if the status report indicates that Mr. Birk is still a "fugitive from justice," then the court would enter an order granting the government's motion to dismiss pursuant to the fugitive-disentitlement doctrine. The status report filed on January 8, 2020, signed by the attorneys for both the government and Mr. Birk, states that Mr. Birk has not self-surrendered and is not in custody as of January 8, 2020.

The fugitive-disentitlement doctrine permits a court to dismiss a defendant's appeal if he flees while the appeal is pending. "It has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *See Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993). The rationale for the doctrine includes concerns about the enforceability of the appellate court's judgment against the fugitive, *see Smith v. United States*, 94 U.S. 97 (1876); the belief that flight "disentitles" the fugitive to relief, *see Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970); and the desire to promote the "efficient dignified operation" of the appellate court, *see Estelle v. Dorrough*, 420 U.S. 534, 537 (1975).

This court has applied the fugitive-disentitlement doctrine several times in the criminal appeal and habeas appeal context. *See, e.g., United States v. Hanzlicek*, 187 F.3d 1219, 1221 (10th Cir. 1999) (dismissing criminal appeal where defendant failed to report

for supervised release following prison term); *United States v. Swigart*, 490 F.2d 914, 915 (10th Cir. 1973) (dismissing criminal appeal of defendant who fled prior to service of his sentence); *United States v. O'Neal*, 453 F.2d 344, 345 (10th Cir. 1972) (dismissing criminal appeal of defendant who fled while on appeal bond); *see also Brinlee v. Crisp*, 608 F.2d 839, 857 (10th Cir. 1979) (upholding denial of habeas corpus petition when state court dismissed criminal defendant's appeal because he was a fugitive); *Gonzales v. Stover*, 575 F.2d 827, 828 (10th Cir. 1978) (same); *Lopez v. Malley*, 552 F.2d 682, 683 (10th Cir. 1977) (same).

Upon careful consideration, we apply the fugitive-disentitlement doctrine to this case, and we grant the government's motion to dismiss this appeal pursuant to the fugitive-disentitlement doctrine.

A copy of this order shall stand as and for the mandate of the court.

**APPEAL DISMISSED.**

        Entered for the Court
        CHRISTOPHER M. WOLPERT, Clerk

        *[signature: Sunil N. Rao]*

        By: Sunil N. Rao
            Counsel to the Clerk