IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 18-cr-00359-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE MARTIN BIRK,

    Defendant.

## ORDER TO SHOW CAUSE

**Blackburn, J.**

This matter is before the court *sua sponte.*

On July 25, 2019, following a four-day jury trial, the alleged contemnor in this case, Lawrence Martin Birk, was found guilty of one count of attempt to evade or defeat tax in violation of 26 U.S.C. § 7201.  On October 30, 2019, the court sentenced Mr. Birk to a term of of imprisonment of 60 months, to be followed by an additional term of supervised release of three years.[1]  (***See* Judgment** [#110],[2] filed October 31, 2019.) Moreover, the court found Mr. Birk was not a flight risk and thus allowed him to self-surrender to the Bureau of Prison at FCI Florence by noon on November 21, 2019. (***See* Order To Surrender in Lieu of Transportation by the United States Marshal**

---

[1] Additionally, he was ordered to pay restitution of $1,858,826.26.

[2] "[#110]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[#115], filed November 8, 2019.)

Although Mr. Birk subsequently was informed, both verbally and in writing, of the date, time, and place of his surrender, he did not present himself on that date. On the government's motion (*see* [#119], filed November 22, 2019), the court authorized the issuance of an arrest warrant ([#121], filed November 22, 2019). Ultimately, Mr. Birk was arrested in Tallahassee, Florida,[3] and made his initial appearance before this court on February 24, 2020 ([#140]). He has since been charged by Indictment with failure to appear (*see United States v. Birk*, 20-cr-00055-REB).

Additionally, Mr. Birk's failure to surrender may also constitute contempt. It therefore is charged and alleged that Lawrence Martin Birk, the alleged contemnor, in alleged contumacious violation of the lawful orders of the court known to the alleged contemnor and within his power and ability to perform, failed to surrender himself to the Bureau of Prisons as ordered by the court.

A district court has the inherent power to enforce its orders through contempt. "Courts independently must be vested with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and . . . to preserve themselves and their officers from the approach and insults of pollution." *United Mine Workers of America v. Bagwell*, 512 U.S. 821, 831 (1994). This authority is now codified at 18 U.S.C. § 401, which provides, in relevant part, that "[a]

---

[3] At the conclusion of the trial, the court ordered Mr. Birk to inventory and surrender all firearms in his possession to the United States Marshal or his designee (*see* **Courtroom Minutes** at 3 [#89], filed July 25, 2019), which he is alleged to have done (*see* **Indictment** ¶ 3 at 2 [#1], filed February 21, 2020, in *United States v. Birk*, 20-cr-00055-REB). The whereabouts and circumstances of those firearms at the time of defendant's arrest are unknown to the court. As a prohibited person, i.e., a convicted felon, Mr. Birk could not have possessed a firearm legally subsequent to the entry of the **Judgment in a Criminal Case** on October 31, 2019 ([110]). *See* 18 U.S.C. § 922(g)(1).

court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(a)(3).  The contempt power includes the authority to punish for contempt for failure to surrender.  See **United States v. Green**, 356 U.S. 165-167-73, 78 S.Ct. 632, 634-37, 2 L.Ed.2d 672 (1958).[4]  **See also United States v. Blechman**, 782 F.Supp.2d 1238, 1254 (D. Kan. 2011).

Contempt proceedings are either civil or criminal in nature, and the difference between the two types of contempt turns on the character and purpose of the sanction involved.  **Bagwell**, 512 U.S. at 827-28.  If the sentence imposed is conditional and grants the defendant the ability to end the penalty by complying with the order, the contempt is civil.  See **Colombo v. New York**, 405 U.S. 9, 10-11 (1972); **United States v. Haggerty**, 528 F.Supp. 1286, 1296 (D. Colo. 1981).  When the penalty is fixed and there is no possibility of purging the contempt by compliance, the contempt is criminal. See **Shillitani v. United States**, 384 U.S. 364, 370 (1966).

Because the sanction contemplated in these circumstances involves punishing Mr. Birk for actions that have already occurred and seeks to vindicate the dignity and authority of the court, it is criminal in nature.  **Bagwell**, 512 U.S. at 828-29; **Local 28 of Sheet Metal Workers' International Association v. E.E.O.C.**, 478 U.S. 421, 443

---

[4] **Green** was overruled in part by **Bloom v. State of Illinois**, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), to the extent it held that a prosecution for criminal contempt did not require a jury trial. Nevertheless, the proposition that the court may punish by contempt the failure to comply with its lawful orders – including its orders that a defendant surrender himself for service of a criminal sentence – remains good law.

(1986); *In re Lucre Management Group, LLC*, 365 F.3d 874, 876 (10th Cir. 2004). "Criminal contempt is a crime in the ordinary sense, and criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings." *Bagwell*, 512 U.S. at 826 (citations and internal quotation marks omitted). Accordingly, "criminal contempt sanctions are entitled to full criminal process." *Id.* at 833. This includes the right to counsel and proof beyond a reasonable doubt. *Id.* at 834. *See also United States v. Peterson*, 456 F.2d 1135, 1139-40 (10th Cir. 1972). If the prosecuting attorney seeks a term of imprisonment of more than six months, the defendant also is entitled to a trial by jury. *Bagwell*, 512 U.S. 826-27; *Taylor v. Hayes*, 418 U.S. 488, 495 (1974); *Federal Trade Commission v. Kuykendall*, 371 F.3d 745, 752 (10th Cir. 2004).

Under 18 U.S.C. § 401, the court is empowered "to punish by fine or imprisonment, or both" any contempt of court. Section 401(3) authorizes the punishment by contempt for disobedience to the court's lawful order or command, Mr. Birk's failure to surrender, in ostensible disregard of the lawful order of this court, may constitute contempt under 18 U.S.C. § 401(3).

As contemplated by Fed. R. Crim. P. 42(a)(2), the court finds that the interests of justice do not require the appointment of a prosecuting attorney other than an attorney for the government. However, if the government declines to appoint an attorney to prosecute this matter, the court will appoint an attorney to prosecute the alleged contempt. FED. R. CRIM. P. 42(a)(2); *see also Mellott v. MSN Communications, Inc.*, 2011 WL 1597681 at *1 (D. Colo. Aug. 28, 2011). Because the alleged contempt does

4

not involve disrespect toward or criticism of the court personally, the court finds and concludes that the court is not disqualified from presiding over the hearing or trial. **FED. R. CRIM. P.** 42(a)(3).

The court uses this order to schedule an initial appearance, an advisement of rights, and an arraignment. As is his right, Mr. Birk will be afforded a reasonable time to retain or request counsel and to prepare his defense. **FED. R. CRIM. P.** 42(a)(1)(A) & (B).

**THEREFORE, IT IS ORDERED** as follows:

1. That Lawrence Martin Birk shall appear in person at an initial appearance, advisement of rights, and arraignment to be held on **March 19, 2020**, commencing at **9:30 a.m.** (MDT), in courtroom A-1001 on the 10th floor of the Alfred A. Arraj United States Courthouse Annex at 901 19th St., Denver, Colorado 80294;

2. That the Office of the United States Attorney for the District of Colorado shall appoint an attorney to prosecute the criminal contempt contemplated by this Order;

3. That because the hearing and/or further proceedings may result in the imposition of a fine or additional term of imprisonment of Mr. Birk, he may retain an attorney to represent him at the hearing[5];

4. That the United States Marshal for the District of Colorado shall ensure the appearance of Mr. Birk at the hearing; and

5. That the clerk shall serve this **Order To Show Cause** on Mr. Birk via his legal

---

[5] If Mr. Birk is unable to afford an attorney, he may apply for representation without cost under the Criminal Justice Act, 18 U.S.C. § 3006A, by contacting the clerk well in advance of the hearing and completing the appropriate paperwork.

counsel in 20-cr-00055-REB.

Dated March 12, 2020, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

6